IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UBS FINANCIAL SERVICES INC., a Delaware corporation,

          Petitioner,          No. 2:13-MC-00114-KJM-AC

  vs.

JAMES S. CAVE,

          Respondent.         <u>ORDER</u>

_____/

       This matter is before the court on petitioner's motion for an order confirming an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. ECF No. 1. The court heard oral argument on petitioner's motion on January 17, 2014. John Bamford appeared telephonically for petitioner, and James Cave appeared pro se for himself.

       At the hearing on January 17, 2014, Mr. Cave represented that he was not aware he had previously been under an obligation to pay the arbitration award because he was under the impression the award was on appeal. For the reasons elaborated below, these matters are not before this court; the court's role is limited to determining whether petitioner has met the minimal requirements to confirm the award and reduce it to a judgment. For the reasons below, the court finds that petitioner has met these requirements and GRANTS petitioner's motion.

///

At the hearing, Mr. Cave also averred he has received no correspondence from petitioner indicating the amount owed, when it is due, and whom he should pay. As discussed at the hearing, these matters are not within the scope of the matter pending before the court; however, respondent is advised he may contact petitioner's counsel of record, Jeffrey N. Goldberg of Palmer Lombardi & Donahue LLP, by mail at his address at 888 W. 6th St., 12th Floor, Los Angeles, CA 90017, or by telephone at (213) 688-0440, with any questions about the manner or form of payment.

I.   BACKGROUND

Respondent joined petitioner UBS Financial to work as a financial advisor in its Roseville, California office. When he was hired, respondent signed an employment agreement containing an arbitration clause and therein "agre[ed] to arbitrate any dispute, claim or controversy that may arise" between him and petitioner. Decl. John R. Bamford, Ex. 1, at 12, ECF No. 1-3. Respondent also agreed that "any arbitration award rendered against [him] may be entered as a judgment in any court of competent jurisdiction." *Id.*

In connection with respondent's employment at petitioner's firm, respondent also received a forgivable loan from petitioner in the amount of $163,793.00. *Id.*, Ex. 2, ECF No. 1-4. The forgivable loan was memorialized in a promissory note. The promissory note provided that the loan would be forgiven in installments over a nine-year period conditioned on respondent's continuing full-time employment as a financial advisor at petitioner's firm. *Id.* The promissory note also contained an arbitration clause through which respondent agreed that "any disputes between [himself] and UBS Financial Services . . . will be determined by arbitration as authorized and governed by the arbitration law of the state of New York." *Id.*, Ex. 2, at 5.

In 2009, respondent voluntarily resigned from his position as a financial advisor at UBS with an outstanding balance of $159,114.50 remaining on the promissory note. Under the terms of the agreement, the balance became immediately due and payable upon his resignation. Respondent has refused to repay any of the outstanding balance on the note. *Id*. ¶ 5, ECF No. 1-2.

Petitioner filed for arbitration before the Financial Industry Regulatory Authority ("FINRA") to recover the outstanding balance as well as interest and attorneys' fees. Respondent filed several counterclaims in the arbitration arising from his former employment at petitioner's firm.

On November 14, 2012, the arbitration panel denied respondent's counterclaims in their entirety, found for petitioner, and awarded petitioner $145,593.00 in "compensatory damages" payable over five years at a rate of $29,118.60 per year. *Id.*, Ex. 3, at 3, ECF No. 1-5. Less than one year later, on November 8, 2013, petitioner filed the pending motion to confirm the arbitration award.

II. DISCUSSION

    A. Confirmation of Arbitration Award

Section 9 of the FAA authorizes a party to an arbitration to apply for an order confirming an award: "any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. If no court is specified by the parties, then the party may make an application in the district in which the award was granted. *Id.*

"On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Id.* Thus, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010, 1014 (E.D. Cal. 2008) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175–76 (2d Cir. 1987)).

Here, petitioner has submitted the agreements containing arbitration provisions, which clearly provide that this dispute was subject to binding arbitration, and that "any arbitration award rendered against [respondent] may be entered as a judgment in any court of competent jurisdiction." Decl. Bamford, Ex. 2, at 5, ECF No. 1-4. Petitioner submitted the arbitration award itself, in which the arbitrators decided that respondent "is liable and shall pay to [petitioner] compensatory damages in the amount of $145,593.00, payable over five years at the rate of $29,118.60 per year." *Id.*, Ex. 3, at 3, ECF No. 1-5. Petitioner also has submitted a declaration setting forth the factual and legal basis for the arbitration award. *Id.*, ECF No. 1-2. Considering these items together with the applicable law, the court

finds that it has jurisdiction, the parties agreed to arbitrate this dispute concerning the balance on the promissory note, and that petitioner filed the motion to confirm the arbitration award within one year. Because the arbitrator's award does not appear on its face "completely irrational" or in "manifest disregard of the law," *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991), the court "must grant" petitioner's motion to confirm the arbitration award, 9 U.S.C. § 9.

Further, the court notes that respondent has not filed an application to modify, correct, or vacate the award under 9 U.S.C. §§ 10 or 11. The award in this case was filed on November 14, 2012. As petitioner points out in its motion, because respondent has not filed a notice of a motion to vacate the award "within three months after the award [was] filed or delivered," 9 U.S.C. § 12, respondent cannot now bring such a motion. Thus, the court need not and does not consider the grounds for vacatur, modification, or correction provided for in sections 10 and 11. *See Hall St. Assocs.*, 552 U.S. at 587 ("the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11'").

B.  Postjudgment & Prejudgment Interest & Attorneys' Fees

Petitioner also requests postaward prejudgment interest, postjudgment interest, and attorneys' fees. "In diversity actions, state law determines the rate of prejudgment interest" and the availability of attorneys' fees, *Am. Tel. & Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996); however, "postjudgment interest is governed by federal law." *Id.*

As mentioned above, the promissory note evinces the parties' choice that the agreement be "governed by the arbitration law of the state of New York." Decl. Bamford, Ex. 2, at 5, ECF No. 1-4. Under New York law, postaward prejudgment interest "is a matter of right and is not dependent upon the court's discretion or a specific demand for it." *Goldberger v. Fischer*, 864 N.Y.S.2d 143, 144 (N.Y. App. Div. 2008). Accordingly, postaward prejudgment interest is GRANTED at a rate of 9 percent per annum. N.Y. C.P.L.R. 5004 (McKinney's 2013).

Regarding postjudgment interest, 28 U.S.C. § 1961 provides postjudgment "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and "interest shall be calculated from the date of entry of judgment" at the rate of the "weekly average 1-year constant

///

4

maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." Accordingly, the court awards postjudgment interest at a rate of 0.12 percent per annum.[1]

Regarding attorneys' fees, petitioner is correct that, under New York law, an agreement can authorize the award of attorneys' fees. However, the arbitrators' role is to enforce the agreement, and the court's role under 9 U.S.C. § 9 is limited to enforcing the arbitrators' award absent a motion to modify or vacate the award. As discussed above, any motion to modify the award must have been brought within three months, 9 U.S.C. § 12. Here, in petitioner's award, the arbitrators listed nearly two pages of fees, Decl. Bamford, Ex. 3, at 3–4, ECF No. 1-5, and interpreted the promissory note agreement providing for attorneys' fees. Yet nowhere in the list of fees is there a provision for attorneys' fees. Because the arbitrators did not award attorneys' fees, and petitioner cites no authority for the court's award of attorneys' fees where the arbitrators have not, petitioner has not shown that an additional award of attorneys' fees is warranted.

III.   CONCLUSION

For the foregoing reasons, petitioner's motion to confirm the arbitration award is GRANTED. Petitioner is entitled to postaward prejudgment and postjudgment interest in the amounts set forth above; however, petitioner is not entitled to attorneys' fees. Judgment shall be entered in favor of petitioner, UBS Financial Services, Inc., and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: February 25, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[1] FEDERAL RESERVE STATISTICAL RELEASE, Treasury constant maturities, 1-year, week ending Jan. 31, *available at* http://www federalreserve.gov/releases/h15/current/h15.pdf (last visited Feb. 25, 2014); *see also* U.S. COURTS.GOV, FORMS & FEES, *Post Judgment Interest Rates*, http://www.uscourts.gov/formsandfees/Fees/PostJudgmentInterestRates.aspx (last visited Feb. 25, 2014) (explaining the calculation of the current applicable rates). In accordance with the Ninth Circuit Library's practice of archiving webpages, to avoid the problem of citations to disappearing websites, the court is docketing as Exhibit A to this order PDF versions of these webpages.